UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISHTAR JAHNIL BAILEY, | Civil Action No. 17-5471 (CCC) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| CLIFTON MUNICIPAL COURT, | |
| Respondent. | |

This matter has come before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Ishtar Jahnil Bailey. It is unclear what Petitioner challenges in the Petition, but it appears to be a pending matter in the Clifton Municipal Court. Despite Petitioner's allegation that he has been convicted and is serving a sentence, (ECF No. 1 at 1), Petitioner references a companion civil rights case filed with this Court in *Bailey v. Employees of Clifton, Twp. Mun. Ct.*, No. 17-5471 (D.N.J. filed June 12, 2017), in which it is clear that the matter is ongoing, and no conviction has been imposed.[1] Furthermore, it is unclear whether Petitioner is presently detained; the address he provides to the Court is not the address of any prison or detention facility.

On the face of the Petition, the Court lacks jurisdiction over this matter. Although the Petition is characterized as a § 2254 petition, § 2254 only authorizes "an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

---

[1] Although Petitioner has filed dozens of pages of documents with this Court in both the instant matter and the civil rights matter, it is still unclear to the Court what Petitioner has been charged with in the municipal court, although it appears to be a motor vehicles violation.

States." 28 U.S.C. § 2254(a) (emphasis added). Because no judgment has been issued, the Petition cannot be filed under § 2254. To the extent Petitioner files the Petition under 28 U.S.C. § 2241, the general habeas statute, that statute requires a petitioner to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While "in custody" encompasses more than just physical confinement, a petitioner still must show that his liberty was constrained in some fashion at the time the petition was filed. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989); *Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973). On the face of the Petition, Petitioner has not made this showing. As such, the Court dismisses the Petition, without prejudice, for a lack of jurisdiction. However, Petitioner may amend the Petition within 30 days of this Order to cure the deficiencies identified herein and establish this Court's jurisdiction. Petitioner shall also include in his amended petition the actual charge(s) that have been levied against him in the municipal court, and the procedural history and present status of the case; failure to do so may again result in a dismissal for failure to state a claim upon which relief may be granted.

IT IS therefore on this __15__ day of __September__, 2017,

ORDERED that the Clerk shall change the Cause of Action of this matter to "28:2241 Petition for Writ of Habeas Corpus"; it is further

ORDERED that the Petition is **DISMISSED WITHOUT PREJUDICE**; it is further

ORDERED that Petitioner may, within thirty (30) days of this Order, amend the Petition as directed above; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Petitioner by regular mail, and shall **ADMINISTRATIVELY TERMINATE** the case.

Claire C. Cecchi, U.S.D.J.